## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LISA PECK, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 17-cv-07239 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| CIT BANK, N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiffs Lisa Peck and Robin Peck ("Relators") bring this *qui tam* action against CIT Bank, N.A. ("CIT Bank"), formerly known as OneWest Bank, N.A., formerly known as OneWest Bank, F.S.B. ("OneWest"), and Ocwen Loan Servicing, LLC ("Ocwen") (collectively "Defendants") under the False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq.* CIT Bank and Ocwen move to dismiss under Federal Rules of Procedure 12(b)(1) and 12(b)(6) [79, 80]. For the foregoing reasons, the Court grants the motions and dismisses the amended complaint with prejudice.

**Background**

In brief,[1] Relators first brought this *qui tam* action against CIT Bank and Ocwen in 2017 for claims under the FCA and the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"). Relators alleged that in 2009, OneWest entered into an agreement with the Federal Deposit Insurance Corporation ("FDIC") in which it agreed to modify qualifying loans as part of its purchase of a failed bank. They further alleged that OneWest and the loan servicer, Ocwen, failed to modify the loans as described in the agreement. As a result, Relators defaulted on their mortgage and were forced into foreclosure. Relators also alleged that OneWest and Ocwen falsely certified to two separate government-sponsored enterprise ("GSEs") that they serviced loans in compliance

---

[1] A full account of the facts appears in the Court's opinion granting Defendants' prior motions to dismiss [63].

with statutory and regulatory requirements—the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac").

On November 18, 2020, the Court granted CIT Bank and Ocwen's motions to dismiss Relators' initial complaint with prejudice. (Dkt. 63.) The Court presumes familiarity with the order but summarizes it in relevant part here. First, the Court concluded the public disclosure bar precluded Relators' action. Using the three-step analysis, the Court found that: (1) the Relators' allegations had been publicly disclosed; (2) Relators' action was based upon those publicly disclosed allegations; and (3) Relators were not the original source of the information upon which the action was based. Therefore, Relators' *qui tam* action was precluded under the FCA.

Second, the Court found that Counts I-IV failed to meet the heightened pleading standard under Rule 9(b). Relators failed to allege with particularity the actual submission of a false or fraudulent claim, an essential condition of an FCA violation. In addition, Relators failed to allege facts sufficiently linking a fraudulent claim by Defendants to actual government spending. Payments made by Freddie Mac and Fannie Mae do not automatically constitute spending by the United States Government. Therefore, the claims failed to meet the heightened pleading standard. Finally, the Court dismissed Relators' FIRREA claims with prejudice for failure to satisfy the requirements under the Control Act.

The Court subsequently granted in part and denied in part Relators' motion to alter or amend the judgment. (Dkt. 71.) The Court struck its prior conclusion that Relators were not an original source based on Relators' failure to allege facts that they had informed the government of their knowledge of Defendants' wrongdoing prior to bringing this action. Nonetheless, the Court ultimately affirmed its prior decision that Relators were not an original source on other grounds under the FCA. (*Id.*, at 3.) In addition, the Court amended its dismissal of the complaint to allow Relators an opportunity to replead.

**Legal Standard**

A court must dismiss any action that lacks subject matter jurisdiction. The party asserting jurisdiction has the burden of establishing it under Rule 12(b)(1). *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440m 443–44 (7th Cir. 2009). On a motion to dismiss for lack of subject matter jurisdiction, "the court is not bound to accept the truth of the allegations in the complaint, but may look beyond the complaint and the pleadings to evidence that calls the court's jurisdiction into doubt." *Bastien v. AT&T Wireless Servs., Inc.*, 205 F.3d 983, 990 (7th Cir. 2000); *see also Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011). When considering dismissal, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

**Discussion**

Defendants move to dismiss the amended complaint under the public disclosure bar and for failure to satisfy the heightened pleading standard under Federal Rule of Civil Procedure 9(b)—the same grounds upon which the Court granted the prior motions to dismiss.

*Public Disclosure Bar*

As an initial matter, and as described in its prior order, the Court finds that the pre-amendment version of the FCA applies and therefore conducts the three-step analysis to determine

whether the public disclosure bar precludes this action. *See Cause of Action v. Chicago Transit Auth.*, 815 F.3d 267, 274 (7th Cir. 2016) (citing *Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 913 (7th Cir. 2009)). First, the Court determines "whether the relator's allegations have been 'publicly disclosed.'" *Glaser*, 570 F.3d at 913. If so, the Court decides "whether the lawsuit is based upon those publicly disclosed allegations." *Id.* Nonetheless, Relators can avoid the public disclosure bar if they demonstrate that they are "an 'original source' of the information upon which [their] lawsuit is based." *Id.* Though the Court gave Relators leave to amend in its Rule 59(e) decision on the original source issue, Relators now fail to argue that they were an original source. Rather than address the issue for which the Court gave Relators leave to amend, Relators seek to retread the Court's prior order by adding new allegations of defendants' wrongdoing. Because the Court's order granting Relators leave to amend did not explicitly bar Relators from doing so, the Court first considers whether the new allegations were previously disclosed.

Relators contend that the claims in the amended complaint are not based upon previous disclosures in *United States ex rel. Beekman v. IndyMac Federal Bank*, No. 12-81138-CIV (S.D. Fla.), a previous *qui tam* action against OneWest. The *Beekman* relator alleged that OneWest engaged in a fraudulent scheme involving OneWest's submission of false claims and records to the government for payments related to mortgage loans in violation of the FCA. In its initial order granting defendants' first motion to dismiss, this Court held that the *Beekman* claims were "almost identical to the claims in this matter," and therefore "the critical elements of Relator[s'] allegations were publicly disclosed." (Dkt. 63, at 8.) Now, Relators contend that the Court may not rely on *Beekman* because that complaint was so inadequate it failed to put anyone on notice of wrongdoing. Relators further maintain that CIT Bank is judicially estopped from arguing that *Beekman* disclosed facts establishing the essential elements of fraud in this case because it previously argued (as OneWest) that the *Beekman* complaint failed to state a claim.

4

Relators' argument fails for multiple reasons. To start, the *Beekman* Court dismissed the complaint for failure to plead with particularity under Rule 9(b). *See Beekman*, No. 12-cv-81139, 2015 WL 4111765, at *2 (S.D. Fla. July 7, 2015). Though the complaint did not meet the heightened pleading standard, it is incorrect to say that it did not allege any facts pertinent to this case. A legally insufficient pleading is not wholly devoid of factual allegations. Therefore, the Court properly based its two prior rulings on the disclosures made in *Beekman*, to which Relators did not previously object. Likewise, Relators' judicial estoppel argument also fails. Defendants' prior arguments that the *Beekman* complaint contained pleading deficiencies does not preclude their current argument that the complaint nonetheless publicly disclosed elements of the purported fraud.

Next, Relators contend that the amended complaint contains new allegations of defendants' wrongdoing that are not based upon prior public disclosures. Under the public disclosure standard, a relator must "present 'genuinely new and material information' beyond what has been publicly disclosed.'" *Cause of Action*, 815 F.3d at 281 (quoting *United States ex rel. Goldberg v. Rush Univ. Med. Ctr.*, 680 F.3d 933, 935–36 (7th Cir. 2012)). Courts also consider: "whether relators allege a different kind of deceit; whether relators' allegations require independent investigation and analysis to reveal any fraudulent behavior; whether relators' allegations involve an entirely different time period than the publicly disclosed allegations; and whether relators supplied vital facts not in the public domain[.]" *Bellevue v. Universal Health Servs. of Hartgrove, Inc.*, 867 F.3d 712, 719 (7th Cir. 2017) (internal quotations omitted).

Defendants argue that Relators base their claims upon disclosures in *Beekman* as well as consent orders and a federal agency report. Turning first to the former, the Court finds that many of the new allegations in the amended complaint are substantially similar to the disclosures in *Beekman*. Relators cursorily argue that they add new allegations distinct from *Beekman* that more specifically state defendants' wrongdoing. For example, Relators maintain that *Beekman* did not

5

address defendants' failure to use the FDIC Loan Modification Program ("FDIC-LMP") as required. The *Beekman* relator alleged in his initial complaint, however, that OneWest failed to comply with the Home Affordable Modification Program ("HAMP") "even though adhering to HAMP is a precondition to be paid through the Shared Loss Agreement." (*Beekman* Dkt. 1, ¶ 36.) HAMP served as the successor program to and was based upon the FDIC-LMP. Therefore, Relators' new claims as they relate to FDIC-LMP do not allege "a different kind of deceit" as previously disclosed in *Beekman*. *Bellevue*, 867 F.3d at 719; *see also City of Chicago ex rel. Rosenberg v. Redflex Traffic Sys., Inc.*, 884 F.3d 798, 804 (7th Cir. 2018) (holding that the public disclosure bar precluded relator's claims because relator merely added details about the previously disclosed bribery scheme).

The essential elements of Relators' claims are also based upon other publicly disclosed sources. Defendants identify consent orders with the Department of Treasury Office of Thrift Supervision ("OTS") in 2011 and the Office of the Comptroller of the Currency ("OCC") and the Board of Governors of the Federal Reserve System in 2014 (collectively the "Consent Orders"), as well as a 2011 interagency review addressing OneWest's mortgage assignment practices (the "Interagency Review"). (Dkt. 79-1, Ex. A–E.) Defendants contend that the Consent Orders and the Interagency Review disclosed any and all of Relators' new allegations, including those about mortgage assignments and loss mitigation. Relators respond that these materials add more specific details about defendants' wrongdoing, overcoming the public disclosure bar.

First, Relators argue that the Interagency Review did not allege that defendants *knowingly* failed to utilize the FDIC-LMP or limited power of attorney form ("LPOA"). Therefore, Relators maintain that their claims are not substantially similar to the information disclosed in the Interagency Review because the report did not attribute scienter to defendants. But here, Relators rely only on an inference that defendants acted with intent because it was defendants' standard practice to not

use the FDIC required endorsement or the LPOA. "There is no reason that the government could not have made the same inference" based on the Interagency Review. *Bellevue*, 867 F.3d at 718–19. Therefore, the Interagency Review's omission of information regarding defendants' intent does not foreclose application of the public disclosure bar. In addition, that the Interagency Review and Consent Orders do not specifically reference the LPOA is of no consequence. Those sources challenge multiple aspects of OneWest's failures in regard to its mortgage assignment practices. Relators' addition of the LPOA example merely "'adds details' to what is already known in outline." *United States ex rel. Bogina v. Medline Indus., Inc.*, 809 F.3d 365, 370 (7th Cir. 2016) (citing *Goldberg*, 680 F.3d at 934)). As a result, Relators do not differentiate its claims from those alleged in the initial complaint and previously disclosed in prior litigation and published reports. Simply, Relators fail to circumvent the Court's prior rulings as to the public disclosure bar.

Ultimately, Relators do no more than perfunctorily state that they are the original source of the material added to the amended complaint. Having made no arguments in support of this contention, the Court holds that Relators were not the original source of their claims. *Shipley v. Chicago Bd. of Election Comm'rs*, 947 F.3d 1056, 1063 (7th Cir. 2020) (citation omitted) ("Arguments that are underdeveloped, cursory, and lack supporting authority are waived."). For these reasons, the Court finds that Relators' amended complaint is based upon information previously disclosed in *Beekman*, the Consent Orders, and the Interagency Review. Accordingly, Relators' claims are precluded by the public disclosure bar.

*Heightened Pleading Standard under Rule 9(b)*

Because the Court, for a third time, holds that Relators' allegations are precluded by the public disclosure bar, the Court need not assess whether the amended complaint pleads the allegations with the particularity required by Rules 9(b).

**Conclusion**

For the foregoing reasons, the Court grants defendants' motions to dismiss the amended

complaint with prejudice [79, 80].

**IT IS SO ORDERED.**
Date: 12/19/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge